

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00179-CR

---

CHANCE COPELAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2019-417,625, Honorable William R. Eichman II, Presiding

---

January 27, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Chance Copeland appeals his conviction for murder. Appellant's brief was originally due November 19, 2021, but we granted appellant's appointed counsel two extensions to file a brief due to his caseload. By letter of December 28, 2021, we admonished appellant's counsel that failure to file a brief by January 19, 2022, could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. On January 24, 2022, appellant's counsel filed a third motion requesting an extension to February 2 to file a brief due to his caseload.

Because appellant's counsel has not provided sufficient grounds for extending the briefing deadline any further, we deny the motion for extension, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether appellant still desires to prosecute the appeal;

2. whether appellant is indigent;

3. why a timely appellate brief has not been filed on behalf of appellant;

4. whether appellant's counsel has abandoned the appeal;

5. whether appellant has been denied the effective assistance of counsel;

6. whether new counsel should be appointed; and

7. if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by February 22, 2022. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before February 22, 2022.

It is so ordered.

Per Curiam

Do not publish.

2